IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARMEN COX, #M43682   )
                      )
     Plaintiff,       )
                      )    Case No. 24-cv-1375-RJD
     v.               )
                      )
TYLER LEWEY,          )
                      )
     Defendant.       )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Menard Correctional Center ("Menard"), filed this lawsuit pursuant to 42 U.S.C. §1983.   Doc. 1. He alleges that on October 18, 2021, Defendant Lewey fired pepper balls at him without justification and he was hit twice.   Doc. 1.   Plaintiff proceeds on one claim of excessive force (in violation of the Eighth Amendment) against Defendant Lewey, as well as an assault and battery claim (pursuant to Illinois state law).   Doc. 13.

This matter comes before the Court on multiple motions by the parties.   First, on August 11, 2025, Defendant filed a Motion to Dismiss Plaintiff's claim based on the statute of limitations. Doc. 36.   Plaintiff requested and received four extensions of time to respond to the Motion to Dismiss and, after being warned twice that further extensions would not be granted, missed his filing deadline of February 4, 2026.   Docs. 38-47.   On February 10, 2026, Plaintiff filed a Motion for Leave to file his Response out of time, explaining that when the Court ordered on February 2, 2026 that Plaintiff had to file his Response by February 4, 2026, Plaintiff did not receive that order

until February 5, 2026.  Doc. 48.  Plaintiff then gave his Motion for Leave to the prison law library for filing on February 6, 2026.  For good cause shown, and noting that Defendant has no objection, Plaintiff's Motion for Leave is GRANTED.  The Court has considered the arguments made in Plaintiff's Response (Doc. 48-1), which was attached as an exhibit to his Motion for Leave.

Plaintiff exhausted his administrative remedies in this matter on May 20, 2022.  Doc. 1, p. 15.  Plaintiff certified that he placed his Complaint in the institutional mail at Menard on May 20, 2024 to be filed by Menard's law library.  Plaintiff's Complaint was filed in this Court on May 23, 2024.  Defendant contends the Court should therefore dismiss Plaintiff's Eighth Amendment claim because it was filed three days after the statute of limitations.[1]  However, Plaintiff's claims are subject to the "prison mailbox rule" and his Complaint was "deemed filed at the moment he place[d] it in the prison mail system, rather than when it reaches the court clerk."  *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015).  Defendant "questions the veracity" of Plaintiff's Certificate of Service.  In *Taylor*, the Seventh Circuit noted that "prisoners are often required to submit a notarized affidavit attesting to the circumstances of the filing."  *Id*. at 859.  Here, however, Plaintiff certified that he placed the Complaint in the institutional mail on May 20, 2024, and nothing in the record suggests Plaintiff's certified statements are false.  Defendant's Motion to Dismiss Plaintiff's Eighth Amendment claim (Count I) is therefore DENIED.

Defendant then claims that the assault and battery claim against him is barred by the one-year statute of limitations in the Illinois Local Governmental and Governmental Employees Tort Immunity Act.  Defendant explains that he is employed by the Illinois Department of Corrections.

---

[1] Plaintiff's §1983 has a two-year statute of limitations, but the date of accrual is the date he exhausted his administrative remedies.

The Tort Immunity Act specifically does not apply to employees of the State of Illinois or of any department of Illinois, only "employee[s] of local entit[ies]." 745 ILCS §§10/1-206, 10/1-207, 10/8-101.   The two cases cited by Defendant involve claims against municipal law enforcement, not employees of the State of Illinois. *Gomez v. Riccio*, Case No. 02-c-5911, 2005 WL 2978955, (N.D. Ill. Nov. 1, 2005); *Walden v. City of Chicago*, 755 F. Supp.2d 942, 959 (N.D. Ill. 2010). Defendant's Motion to Dismiss Plaintiff's assault and battery claim (Count II) is therefore DENIED.

Plaintiff also asks that the Court update the docket to reflect that Defendant's name is Tyler Lewey, not Tyler Lewey Star.   Doc. 37.   Defendant's pleadings thus far indicate that his full and correct name is Tyler Lewey.   Docs. 33 and 37.   The Clerk of Court is directed to update the docket accordingly.

**IT IS SO ORDERED.**

**DATED: March 30, 2026**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**

Page **3** of **3**